BIODIVERSITY LEGAL FOUNDATION et al., Plaintiffs,

v.

Gale NORTON, Secretary, U.S. Department of the Interior, et al., Defendants.

No. Civ.A. 00–3030 RMU.

United States District Court, District of Columbia.

Aug. 7, 2002.

Eric R. Glitzenstein, Meyer & Glitzenstein, Washington, DC, for Plaintiffs.

S. Jay Govindan, Seth M. Barsky, U.S. Department of Justice, Environment & Natural Resources Division, Wildlife & Marine Resources Section, Washington, DC, for Defendants.

### MEMORANDUM OPINION

URBINA, District Judge.

DENYING THE DEFENDANTS' MOTION TO STAY THE BRIEFING SCHEDULE; DENYING WITHOUT PREJUDICE THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

Listed as an endangered species in 1967, the Cape Sable seaside sparrow is at significant risk of imminent extinction. The Biodiversity Legal Foundation, the Florida Biodiversity Project, and individuals Brian Scherf, Rosalyn Scherf, and Sidney B. Maddock (collectively, "the plaintiffs" or "Biodiversity") bring this suit against the U.S. Department of the Interior and the U.S. Fish and Wildlife Service (collectively, "the defendants" or "FWS") for allegedly failing to satisfy certain agency duties under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531–1544. Specifically, Biodiversity contends that the FWS violated the ESA by failing to meet provisions required by the ESA's Section 4 and violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., by engaging in unreasonable delay. The plaintiffs also challenge the FWS's Listing Priority Guidance stating that it impedes appropriate actions needed to save the sparrow's habitat from destruction.

This matter comes before the court on the defendants' motion for stay of the briefing schedule, filed September 25, 2001. In support of their motion, the defendants argue that because of a lack of resources, they would not have been able to fulfill their statutory obligations until the requested stay expired on October 22, 2001. For the reasons that follow, the court denies as moot the defendants' motion for stay of the briefing schedule and denies without prejudice the plaintiffs' motion for summary judgment.

### II. BACKGROUND

#### A. The Cape Sable Seaside Sparrow's Critical Habitat

The sparrow lives in southern Florida's "marl prairie," a habitat within the Everglades National Park and the Big Cypress National Preserve where the rainy season is conducive to the sparrow's breeding and foraging patterns. Compl. at 7. The sparrow's survival depends on the continuing existence of at least three healthy subpopulations of the species (i.e., the western population, the Ingraham highway population, and the eastern population). Id. at 8. "In the last two decades, flood control projects in South Florida have disrupted the natural hydrology of the Everglades, all but decimating the western Florida population of the sparrow. These hydrology changes continue to represent the main threat to the overall survival of the species." Biodiversity Legal Found. v. Norton, 180 F.Supp.2d 7, 8 (D.D.C.2001) (Urbina, J.); Compl. at 8–10.

While the FWS designated the sparrow's critical habitat in 1977, one of the areas not included ended up becoming the essential habitat for the western population of the sparrow. Biodiversity Legal Found., 180 F.Supp.2d at 8; Compl. at 9. In 1999, the FWS reported again that the sparrow remained "at significant risk of imminent extinction" and the "[p]resently designated critical habitat does not adequately encompass the areas occupied by core populations and must be re-evaluated." Compl. at 7, 10 (emphasis added).

## B. The ESA's Administrative Requirements

Under the ESA, any "interested person" may petition the FWS for revision of a critical-habitat designation. 16 U.S.C. § 1533(b)(3)(A); 50 C.F.R. § 424.14; *Biodiversity Legal Found.*, 180 F.Supp.2d at 9. Within 90 days after receiving the petition, the FWS must determine whether that revision "may be warranted." 16 U.S.C. § 1533(b)(3)(D)(i) ("90–day finding"). In addition, "[w]ithin 12 months after receiving the petition," regardless of when the FWS issues its 90–day finding, the FWS must determine "how [it] intends to proceed with the requested revision." 16 U.S.C. § 1533(b)(3)(D)(ii) ("12–month notice"); *see also Biodiversity Legal Found. v. Babbitt*, 63 F.Supp.2d 31, 34 (D.D.C.1999).

In this case, the plaintiffs petitioned the FWS for revision of the sparrow's critical-habitat designation on August 26, 1999. Defs.' Mot. for Stay of Briefing Schedule ("Defs.' Mot. for Stay") at 2. Nearly 11 months later, on July 10, 2000, the FWS issued its 90–day finding concluding that protection of the habitat area "is essential to ensuring the continued existence of the species." *Id.;* Compl. at 12. On September 25, 2001, the FWS moved to stay the briefing schedule until October 22, 2001, when it planned to publish the 12–month notice. Defs.' Mot. for Stay at 1–2. The defendants argued that the FWS's publication of the notice would provide the plaintiffs with "the only relief to which [they] are entitled...." *Id.* at 4. More than two years after the plaintiffs filed their petition, the FWS published the notice in the October 23, 2001 Federal Register. FWS, 50 C.F.R. § 17.

## III. ANALYSIS

### A. The Court Denies the Defendants' Motion to Stay the Briefing Schedule

The court denies the defendants' motion for a stay of the briefing schedule as moot since the time for filing the notice passed and the defendants published the notice as they specified. FWS, 50 C.F.R. § 17; *Albritton v. Kantor*, 944 F.Supp. 966, 974 (D.D.C.1996). Despite the defendants' position that "[t]he October 22 notice which the Service has proposed will provide [the] Plaintiffs with the relief they seek," the court determines that the parties must resume the briefing schedule. Defs.' Mot. for Stay at 3; Pls.' Response to Defs.' Notice ("Pls.' Response") at 3. The October 23, 2001 notice does nothing to delineate how the FWS "intends to proceed with the requested revision." 16 U.S.C. § 1533(b)(4)(D)(ii). Instead, it merely states that the FWS "will proceed with a proposal to revise [the] critical habitat for the Cape Sable seaside sparrow as soon as feasible, considering our workload priorities and available funding." FWS, 50 C.F.R. § 17. In its notice, the FWS essentially argues that it does not have the time or resources to focus on the Cape Sable seaside sparrow because of other court orders concerning different species that demand immediate compliance. *Id.*

Furthermore, because the FWS published the 12–month notice, the defendants assert that they have fulfilled their statutory obligations, rendering the plaintiffs' claims moot.[1] While the court is sympathetic to the defendants' busy schedule, the court does not view this as a legitimate reason to delay the administration of justice and a possible ruling on the merits.

---

1. The defendants have made it clear that they plan to argue that certain claims asserted by the plaintiffs are now moot. The court takes no position at this juncture on whether any of the plaintiffs' claims might be moot, but anticipates addressing these issues after the parties have fully briefed them in their cross-motions for summary judgment.

The court agrees with the plaintiffs that they are entitled to have the parties fully brief their cross-motions for summary judgment. Pls.' Response at 3.

Accordingly, the court sets forth the following schedule. The court denies without prejudice the plaintiffs' motion for summary judgment but will allow the plaintiffs to refile and update that motion based on the defendants' notice in the Federal Register and any other matters that have occurred in the past year. The plaintiffs shall file their motion for summary judgment by September 20, 2002; the defendants shall file their opposition to the plaintiffs' motion for summary judgment and their cross-motion for summary judgment by November 1, 2002; the plaintiffs shall file their reply in support of their motion for summary judgment and their opposition to the defendants' cross-motion for summary judgment by November 22, 2002; and the defendants shall file their reply in support of their cross-motion for summary judgment by December 6, 2002.

## IV. CONCLUSION

For all these reasons, the court denies as moot the defendants' motion to stay the briefing schedule and denies without prejudice the plaintiffs' motion for summary judgment. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 7 day of August, 2002.

### *ORDER*

DENYING THE DEFENDANTS' MOTION TO STAY THE BRIEFING SCHEDULE; DENYING WITHOUT PREJUDICE THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

For the reasons stated in this court's Memorandum Opinion separately and contemporaneously issued this _____ day of August, 2002, it is hereby

**ORDERED** that the defendants' motion to stay the briefing schedule is **DENIED;** and it is

**FURTHER ORDERED** that the plaintiffs' motion for summary judgment is **DENIED without prejudice;** and it is

**ORDERED** that the plaintiffs shall file their updated motion for summary judgment by September 20, 2002; that the defendants shall file their opposition to the plaintiffs' motion for summary judgment and their cross-motion for summary judgment by November 1, 2002; that the plaintiffs shall file their reply in support of their motion for summary judgment and their opposition to the defendants' cross-motion for summary judgment by November 22, 2002; and that the defendants shall file their reply in support of their cross-motion for summary judgment by December 6, 2002. There shall be no extensions.

**SO ORDERED.**